IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEVIN JAMES CLINE,**

        **Petitioner,**

v.

        **Civil Action No. 2:10-CV-117**

        **Criminal Action No. 2:09-CR-7-1**
        **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On October 22, 2010, the *pro se* petitioner, James K. Cline ("Petitioner" as listed on the docket), filed a Motion pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Dkt. No. 91). On July 1, 2011, the Government filed its Response. (Dkt. No. 101).

### II. FACTS

**A. Conviction and Sentence**

On April 15, 2009, Petitioner was indicted for one count of conspiracy to manufacture methamphetamine and one count of possession of material used in the manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 843(a)(6), 843(d)(2) and 846. On June 30, 2009, Petitioner pled guilty, pursuant to a plea agreement, to Count two of the

1

indictment for possession of material used in the manufacture of methamphetamine. In the plea agreement, Petitioner stipulated that "[i]nside [his] vehicle were 'chemical, product and material' commonly used in the production of methamphetamine, as well as coffee filters containing residue which tested positive for methamphetamine, and a baggie of 0.78 grams of methamphetamine. There was a firearm in the vehicle, being a .22 rifle." Plea Agreement 4.

On December 9, 2009 the Court held a sentencing hearing. Because Petitioner stipulated to possession of a .22 rifle in the plea agreement, the Court applied a two-level increase for possession of a dangerous weapon, pursuant to Sentencing Guideline 2D1.1(b)(1). Accordingly, along with a two-level deduction for acceptance of responsibility and with the Government's motion for a third level, the Court calculated his adjusted offense level to be 21 with a Criminal History Category of IV. Based on this offense level and a Criminal History Category of IV, the guidelines called for Petitioner to be incarcerated for a period of 57 to 71 months. The Court sentenced Petitioner to the low end of the advisory guideline range with 57 months of incarceration.

**B. Appeals**

Petitioner did not file an appeal.

**C. Federal Habeas Corpus**

Petitioner filed the instant 28 U.S.C. § 2255 habeas petition to remove the "firearm enhancement" from his pre-sentence report so that he can be classified as a non-violent offender. If so, then he might qualify for and participate in the Federal Bureau of Prison's Residential Drug Abuse Program ("RDAP") and thus could be eligible for a reduction of up to one year and release to a halfway house, pursuant to 18 U.S.C. § 3621(e)(2). Petitioner argues that his

sentence was improper because the sentencing judge relied upon this early release from successful completion of the RDAP program in sentencing Petitioner.

The Government contends that the sentencing court did not rely on or consider 18 U.S.C. § 3621(e)(2) and its discretionary one-year sentence reduction for completing the RDAP steps in determining Petitioner's sentence. Furthermore, it argues it was clear the court did not rely on RDAP in its sentencing because the length of Petitioner's sentence is out-of-proportion with a sentence tailored to RDAP.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion be denied and dismissed from the docket because Petitioner's claim is without merit.

### III. ANALYSIS

Although ordinarily to amend a pre-sentence report, a petitioner must follow the requirements outlined in Rule 32(f) of the Federal Rules of Criminal Procedure, which requires a party to object to the contents of the report within fourteen days of its receipt, other courts have acknowledged the possibility of a habeas petitioner challenging the contents of a pre-sentence report if the petitioner "is arguing that [the] sentence was improper because the sentencing judge relied on an award of early release." Hickerson v. Willingham, No. 3:06-cv-777, 2006 WL 3422186, at *3 (D. Conn Nov. 28, 2006). Similarly, in United States v. Fraley, No. 07-18-KSF, 2007 WL 1876455, at *6 (E.D. Ky. June 27, 2007), the court found that petitioner should be allowed to amend the pre-sentence report to remove the two-point firearm enhancement because the court had relied upon the defendant's pretrial release from the RDAP program in its sentencing decision. Therefore, although relief under 28 U.S.C. § 2255 is limited to situations in

which the defendant alleges constitutional or jurisdictional error, a sentencing court's reliance on false or improper assumptions in increasing a sentence is an error cognizable under a habeas corpus action. See Tapia v. United States, 131 S. Ct. 2382 (2011).

However, in Petitioner's case, the sentencing court did not rely on Petitioner's early release under the RDAP program when determining his sentence. While the Government encouraged the court, and the court did in fact recommend the RDAP program, the court never factored the RDAP program into its decision. See, e.g., Tapia, 131 S. Ct. at 2394 ("Granted, the judge also mentioned the need to provide drug treatment through RDAP. The 51 month sentence he selected, however, .... had no connection to eligibility for RDAP."). Instead, the court stated other reasons for the length of the sentence imposed:

> The length of the sentence in this case is determined by the – to a great extent by the Defendant's prior criminal history which includes a breaking and entering, possession of precursors to methamphetamine, and possession of a firearm by a convicted felon. These all lead to a conclusion that the Defendant may in fact be as an element of danger as well as even though he didn't personally distribute methamphetamine making it possible to allow that methamphetamine to be distributed in the Northern District of West Virginia.

Sentencing Hr'g Tr. 10.

In addition, the district court's statement of reasons makes no reference to the possibility of a year reduction in sentence upon completion of the RDAP program. Given this factual record, the Court recommends that Petitioner's Motion be dismissed.

### IV.  **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Petitioner's §2255 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of

such objections should also be submitted to Chief Judge John Preston Bailey.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record by electronic means.

      DATED: November 14, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE